

# Fourth Court of Appeals
## San Antonio, Texas

October 18, 2021

No. 04-21-00353-CV

Amar **GUEYE,**
Appellant

v.

Luz **TORRES,**
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2021CV02073
Honorable J Frank Davis, Judge Presiding

# O R D E R

Sitting:     Irene Rios, Justice
            Beth Watkins, Justice
            Liza A. Rodriguez, Justice

The clerk of this court received appellant's brief on October 4, 2021.[1] The brief does not comply with Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. Specifically, the brief violates Rule 38.1 in that it does not contain:

(1) a list of all parties and counsel;
(2) a table of contents;
(3) an index of authorities;
(4) a statement of the case;
(5) a brief statement of the issues presented;
(6) a statement of facts with record references;
(7) a summary of the argument;
(8) proper legal argument with appropriate citation to authorities and the appellate record; and
(9) a proper appendix containing a copy of the judgment appealed.

---

[1] We note that appellant, who is pro se and indigent, filed his brief before the reporter's record was filed. On September 29, 2021, the clerk of this court notified the court reporter by letter that the reporter's record was overdue and required her to file the reporter's record no later than October 29, 2021.

*See id.* 38.1(a) (requiring a complete list of all parties to judgment); 38.1(b) (requiring a table of contents with references to the pages of the brief); 38.1(c) (requiring an index of authorities indicating the pages of the brief where the authorities are cited); 38.1(d) (requiring the brief to state concisely the nature of the case); 38.1(g) (requiring a statement of facts with record references); 38.1(h) (requiring the brief to contain a succinct, clear, and accurate statement of the arguments made in the body of the brief); 38.1(i) (requiring a clear and concise argument with appropriate citations to authorities and the record); and 38.1(k) (requiring an appendix containing a copy of the judgment or other appealable order).

The appellate rules require the text of the brief to be double-spaced and the typeface to be no smaller than 14-point. *See* TEX. R. APP. P. 9.4 (d),(e). The appellate rules also require a certificate of compliance stating the number of words contained in the brief. *See id.* 9.4(i)(3). Here, the typeface is less than 14-point and much of the brief is not double-spaced. Additionally, the brief does not contain a certificate of compliance.

Although substantial compliance with Rule 38.1 is generally sufficient, we may order a party to amend, supplement, or redraw a brief if it flagrantly violates Rule 38.1. *See id.* R. 38.9(a). We conclude that the defects described above constitute flagrant violations of Rule 38.1 and Rule 9.4.

Accordingly, we **ORDER** appellant's brief stricken and **ORDER** appellant to file an amended brief in this court **on or before November 22, 2021**. However, if appellant requires more time to file an amended brief, he may file a motion for extension of time to file his brief.

Any amended brief filed by appellant must correct the violations listed above and fully comply with Rule 38.1 and Rule 9.4 of the Texas Rules of Appellate Procedure. If the amended brief does not comply with this order, we "may strike the brief, prohibit appellant from filing another, and proceed as if had failed to file a brief." *See id.* 38.9(a); *see also id.* 38.8(a) (authorizing this court to dismiss the appeal if the appellant fails to timely file a brief). Even if we do not strike the amended brief and prohibit appellant from filing another brief, we may find that any issues raised by appellant are waived due to inadequate briefing and overrule those issues. *See, e.g., Marin Real Estate Partners v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.).

If appellant timely files an amended brief that complies with this order, the appellee's brief will be due thirty days after appellant's brief is filed. *See* TEX. R. APP. P. 38.6(b).

Irene Rios, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 18th day of October, 2021.

MICHAEL A. CRUZ, Clerk of Court